## The Cleveland, Cincinnati, Chicago & St. Louis Ry. Co. v. Robert Johns.

1. RAILROADS—*Sec. 71, Ch. 114, R. S., Construed.*—Sec. 71, Ch. 114, R. S., providing for the construction and maintenance of railroad crossings, imposes upon such corporation the duty to construct and maintain such crossings and approaches for the entire width of such highways and streets in large, populous and busy cities, where a vast multitude of vehicles and people would be continuously passing and repassing over them, but in the rural districts and some localities in villages and cities where but a few people and vehicles would pass and repass over them, the extent of such crossings and approaches which the railroad companies are required to construct and maintain over the highways and streets, must be determined by what is reasonably required to accommodate public travel over them, and that is fixed, for the time being at least, by the actual crossing and approaches which are made by the railroad companies with the acquiescence of the public and the public authorities.

2. SAME—*Question Whether a Place is a Part of a Railroad Crossing is a Question of Fact for the Jury.*—When the location of an accident is a part of the top of the grade that was actually covered with cinders up to the top of the ties where the approaches to the crossing which were actually made and used extended and where people and vehicles frequently traveled when passing and repassing over the tracks of the railroad, it is a question for the jury whether or not such place is a part of the crossing.

Trespass on the Case, for an injury to a horse. Appeal from the Circuit Court of Christian County; the Hon. WILLIAM M. FARMER. Judge presiding. Heard in this court at the May term, 1902. Affirmed. Opinion filed November 1, 1902.

GEORGE F. McNULTY and HOGAN & DRENNAN, attorneys for appellant.

J. C. McBRIDE and M'QUIGG & DOWELL, attorneys for appellee

MR. JUSTICE BURROUGHS delivered the opinion of the court.

This was an action on the case brought in the Circuit Court of Christian County by the appellee, Robert Johns, against the appellant, The Cleveland, Cincinnati, Chicago & St. Louis Railway Company, to recover damages for an injury received by his horse on the crossing of appellant's railroad with State street in the city of Pana, Illinois, alleged to have been the result of the failure of the railway company to keep the crossing in a reasonably safe condition for persons and property to pass over it. The case was tried by jury and resulted in a verdict and judgment in favor of the appellee for $350 damages.

The railway company moved for a new trial, which being denied, it excepted and moved in arrest of judgment, which was also denied and it again excepted, and prayed for and was allowed an appeal to this court; and to effect a reversal of the judgment, its counsel insists that the court erred in refusing a new trial, in refusing to arrest the judgment, as the verdict and judgment are against the law and the evidence, and the declaration is insufficient to support the judgment.

The declaration has but one count, which is as follows:

" For that whereas the defendant, before and on the 7th day of October, 1901, was possessed, had control of and was using and operating a certain railroad with all its lines of track, switches, side tracks, guard rails, etc., extending through a part of said country and running in a westerly direction through the city of Pana, in the country aforesaid, and crossing a public traveled street, running north and south through said city, called State street, that it was the duty of said defendant, at all times, to keep in safe and proper condition the crossing and approaches thereto for persons and property where said railroad crosses said public traveled street, called State street in said city; yet the defendant, not regarding its duty in this behalf, while it had possession and control, and was using and operating said railroad and the line of tracks, switches, side tracks and guard rails upon its right of way where it crossed said State street, to wit, on the day and year aforesaid, there wrongfully and negligently permitted and suffered the crossing of said railroad at

said State street to remain in a bad and unsafe condition by carelessly and negligently suffering the space between the end of a stationary guard rail and one of the main rails of said track on said railroad crossing to be in a bad and unsafe condition so that said crossing was not in a safe condition for persons and property to pass over, by means whereof the plaintiff, while driving a span of horses to a buggy along said public street over said crossing and while using due care and caution for his own safety and that of his span of horses, the right hind foot of one of his said horses was caught in the open space between said stationary guard rail and one of the main rails of said railroad right of way at said crossing and the hoof on said foot of said horse in his effort to free from the place where it was caught between said rails was pulled off and said horse became lame, and so badly injured and damaged by reason thereof that he is entirely worthless, and to the great damage of the plaintiff, in the sum of five hundred dollars."

To which the railway company pleaded "not guilty." The evidence shows that State street is seventy feet wide and runs north and south through the city of Pana in said county; that it is crossed from east to west by four tracks of appellant's railroad which are laid on top of an embankment about five feet high, with approaches on the north and south sides that slant twenty-five feet from top to bottom and extend nearly the entire width of the street. The top of the grade and approaches in the street are covered with coal cinders so that the surface is even with the top of the cross ties. There is a row of planks two inches thick and sixteen feet long laid along the middle of the street between the rails of each of the tracks. On the north side of the south rail of the south track, and some two inches from it, except at each end, it widens until it is five inches; there is a stationary guard rail laid for a portion of the distance between the west end of the planks and the west line of the street. The space between the tops of the guard rail and the south rail is about four and one-half inches deep, which is not blocked. It is usual when guard rails are where persons and animals have to cross them, to block the spaces between the guard rails and other rails

with wood, so that such spaces are not over one and one-half inches deep, and then such persons and animals can not get their feet caught in them.

The travel on State street where appellant's railroad crosses it is considerable, and it usually goes where the planks are laid, except at such times when the travel is very heavy or cars are obstructing the planked portion, and at such times the travel is over all that portion of the top of the grade from and to which the approaches extend.

The appellee, on the day in question, was attempting to go from the south to the north side of this crossing in his buggy, drawn by his team of spirited but gentle horses, which were being driven with slack lines by his servant, when they became somewhat frightened by a coal car that was being pulled across the street on one of the tracks, and shying to the northwest they went over the first rail they came to and the guard rail at a point about seven or eight feet west of the west end of the planks, and there one of the horses got its right hind foot caught in the space between the two rails, and in trying to get it out, pulled the hoof off of it, which rendered him valueless. Before the horse lost his hoof he was worth from $300 to $500.

The principal contention is that the place where the horse got his foot caught is no part of the "railroad crossing" which the statute required the appellant to construct and maintain, and even if it had been, then the negligent manner in which the horse was being driven over it, so contributed to his injury that the appellee can not recover.

The statute provides that "at all of the railroad crossings of highways and streets in this state, the several railroad corporations in this state shall construct and maintain said crossings, and the approaches thereto, within their respective rights of way, so that at all times they shall be safe as to persons and property." Which means that railroad companies must construct and maintain such crossings and approaches for the entire width of such highways and streets in large, populous and busy cities, where a vast multitude of vehicles and people would be continuously

passing and repassing over them, but in the rural districts and some localities in villages and cities where but few people and vehicles would pass and repass over them, the extent of such crossings and approaches which the railroad companies are required to construct and maintain over the highways and streets, must be determined by what is reasonably required to accommodate public travel over them, and that is fixed, for the time being at least, by the actual crossings and approaches which are made by the railroad companies with the acquiescence of the public and the public authorities. City of Bloomington v. Illinois Central R. R. Co., 154 Ill. 539, and Illinois Central R. R. Co. v. Truesdell, 68 Ill. App. 324.

Considering that the place where the horse got his foot fastened was a part of the top of the grade that was actually covered with cinders up to the top of the ties, that it was where the approaches to the crossing which were actually made and used extended, and was where people and vehicles frequently traveled when passing and repassing over the tracks of appellant's railroad where it was located across the street, and in view of the quantity of travel there, we are inclined to hold that the trial court properly submitted it as a question to be determined by the jury as to whether or not such place was a part of the "railroad crossing," and that the jury were warranted in concluding, as they did, that it was; for it would be taking too narrow a view to hold that the sixteen-foot wide part of the middle of the seventy-foot street which was planked only between the tracks, which was mostly used by the public, was the only part of the street within the right of way of appellant's railroad that constituted the "railroad crossing" under such circumstances.

The team being gentle and having only gone a short distance out of the line of the principal traveled part of the street where the tracks actually crossed to where much of such travel was, we are unwilling to hold that the slackness of the lines which appellee's driver held upon them at the time, was such contributory negligence on his part as

to preclude the appellee from recovering in this case on that account when it is so manifest that the unblocked space between the guard rail and the south rail was dangerous to people and teams passing and repassing over it, and of which the appellant must be held to have known for the reason that it was its own faulty construction, and of such a nature that the appellee would not be so likely to know of it, nor does it appear that he did know of it.

The declaration, charging as it does, that the place where the horse got his foot caught was a part of the "railroad crossing" of State street and appellant's railroad in the city of Pana in said county, which was in its right of way and was not kept in a condition for persons and property to pass safely over it, was sufficient to sustain the judgment, and the Circuit Court for that reason properly denied the motion in arrest of judgment. Finding no such error in this record as counsel for the appellant allege, we will affirm the judgment.